UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JEAN-CLAUDE W., | : | |
| Petitioner, | : | Civ. No. 19-16282 (KM) |
| v. | : | |
| WILLIAM ANDERSON, | : | **OPINION** |
| Respondent. | : | |

**KEVIN MCNULTY, U.S.D.J.**

## I.     INTRODUCTION

Petitioner, Jean-Claude W.,[1] is an immigration detainee presently held at the Essex County Correctional Facility, in Newark, New Jersey. He is proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (DE 1.) He separately filed a motion to expedite. (DE 9.) For the following reasons, the habeas petition will be granted insofar as Respondent will be ordered to provide Petitioner a bond hearing, and Petitioner's motion to expedite will be denied as moot.

## II.     PROCEDURAL HISTORY

Petitioner is a native and citizen of Trinidad and Tobago. (DE 6-1 at 3.) On March 1, 1994, he entered the United States as a Non-Immigrant Visitor on a B-2 visa. (*Id.*) He subsequently adjusted his status and became a Lawful Permanent Resident ("LPR") of the United States on September 14, 1995. (*Id.*)

---

[1]     Consistent with guidance regarding privacy concerns in social security and immigration cases by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, petitioner is identified herein only by his first name and last initial.

On February 9, 2011, Petitioner was convicted in the Superior Court of New Jersey, Law Division, Camden County of two counts of robbery, in violation of N.J. Stat. Ann. § 2C:15-1(a), and one count of possession of a firearm for an unlawful purpose, in violation of N.J. Stat. Ann. § 2C:39-4(a). (*Id.*) He was sentenced to eleven years in prison. (*Id.*)

Petitioner entered the custody of Immigration and Customs Enforcement ("ICE") on November 20, 2018. (DE 6-2.) He was served with a Notice to Appear ("NTA") charging him with removability pursuant to sections 237(a)(2)(C) and 237(a)(2)(A)(iii) of the Immigration and Nationality Act ("INA"). (DE 6-1 at 3.) Petitioner has remained in immigration custody since November 2018. He is currently detained under 8 U.S.C. § 1226(c).

On December 18, 2018, Petitioner appeared for a master calendar hearing and a bond hearing before an Immigration Judge ("IJ"). (DE 6-4 at 1.) The master calendar hearing was adjourned to permit Petitioner time to find representation. (*Id.*) The IJ "took no action on [Petitioner's] request for bond." (*Id.*) Petitioner appeared for another master calendar hearing on February 12, 2019. (*Id.*) The hearing was adjourned until April 2, 2019 to allow Petitioner time to prepare and file an application for relief from removal. (*Id.* at 1–2.) On March 8, 2019, Petitioner filed an application for asylum and withholding of removal under the Convention Against Torture. (DE 6-3; DE 6-4 at 2.) On May 24, 2019, Petitioner received a hearing on the merits of his case. (DE 6-4 at 2.) At the conclusion of the hearing, the IJ denied Petitioner relief and ordered him removed from the United States. (DE 6-3; DE 6-4 at 2.) Petitioner filed a motion for reconsideration which was denied on June 10, 2019. (DE 6-4 at 2.) Shortly thereafter, on June 24, 2019, Petitioner filed an appeal with the Board of Immigration Appeals ("BIA"). (*Id.*) The BIA denied Petitioner's appeal on and he became subject to a final order of removal. (DE 10-1.) Petitioner filed an appeal with the United States Court of Appeals for the Third Circuit, as well as

a motion for a stay of removal. (DE 10-2.) The Third Circuit granted Petitioner's motion for a stay and his case remains pending. (*Id.*)[2]

On July 26, 2019, Petitioner filed this petition for writ of habeas corpus, seeking release or an individualized bond hearing to justify his continued detention. (DE 1 at 7.) Petitioner does not dispute the initial basis for his detention, but he asserts that his detention has been unduly prolonged to the point of having become unconstitutional. (DE 1 at 6–7.) Respondent filed an answer opposing the petition. (DE 6.) On February 13, 2013, Petitioner filed a reply, as well as a motion to expedite. (DE 8; DE 9.)[3] The matter is now fully briefed.

## III.  ANALYSIS

Under 28 U.S.C. § 2241, a district court may exercise jurisdiction over a habeas petition when the petitioner is in custody and alleges that this custody violates the constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A petitioner may seek § 2241 relief only in the district in which he is in custody. *United States v. Figueroa*, 349 F. App'x 727, 730 (3d Cir. 2009). This Court has jurisdiction over Petitioner's claims as he is detained within this district and alleges that his custody violates the Due Process Clause of the Fifth Amendment.

Under 8 U.S.C. § 1226(c)(1), certain non-citizens with criminal convictions are subject to mandatory detention while removal proceedings are pending. *See Jennings v. Rodriguez*, 138 S. Ct. 830, 846–47 (2018). In *Demore v. Kim*, 538 U.S. 510 (2003), the Supreme Court held § 1226(c)

---

[2] Although Petitioner has received a final order of removal which would make the statutory basis for his detention 8 U.S.C. § 1231(a), the Third Circuit's temporary stay shifted the statutory basis for Petitioner's detention back to § 1226(c). *See Leslie v. Attorney Gen. of U.S.*, 678 F.3d 265, 268–72 (3d Cir. 2012).

[3] Respondent also filed a supplemental submission with the Court regarding the status of Petitioner's appeals before the BIA and Third Circuit. (DE 10.)

to be constitutional on its face. It did so, however, on the assumption that most resulting detentions would be relatively brief. *Id.* at 517–31 ("In sum, the detention at stake under § 1226(c) lasts roughly a month and a half in the vast majority of cases in which it is invoked, and about five months in the minority of cases in which the alien chooses to appeal.") In *Diop v. ICE/Homeland Sec.*, 656 F.3d 221 (3d Cir. 2011), the Third Circuit applied the canon of constitutional avoidance and held that § 1226(c) "authorizes only mandatory detention that is reasonable in length." *Id.* at 231–35. Thus, it found that the statute contains an implicit requirement that detained persons, at some point, receive bond hearings to warrant ongoing detention. The point at which a bond hearing would be required, however, would depend on the facts of the case. *See also Ojo v. Warden Elizabeth Det. Ctr.*, No. 19-1179, 2020 WL 1696878, at *3 (3d Cir. Apr. 8, 2020). In *Chavez-Alvarez v. Warden, York Cty. Prison*, 783 F.3d 469 (3d Cir. 2015), the Third Circuit confirmed that there is no set point at which detention under § 1226(c) crosses the permissible line, but announced a rule of thumb that detention would become constitutionally suspect at some point between 6 and 12 months.[4] *See id*. at 473–78.

In *Jennings*, however, the Supreme Court abrogated the direct holdings of *Diop* and *Chavez-Alvarez*, as a matter of statutory interpretation. Specifically, the *Jennings* Court held that § 1226(c) does not require bond hearings to justify ongoing detention and that the canon of constitutional avoidance may not be employed to read such a requirement into the statute. *Id.* at

---

[4] The *Chavez-Alvarez* Court reasoned that, at least where the government fails to show bad faith on the part of the petitioner, "beginning sometime after the six-month timeframe [suggested by *Demore*], and certainly by the time [the petitioner] has been detained for one year, the burdens to [the petitioner's] liberties [will outweigh] any justification for using presumptions to detain him without bond to further the goals of the statute." *Chavez-Alvarez*, 783 F.3d at 478.

842, 846–47. *Jennings* did not, however, directly analyze the constitutionality of particular detentions under § 1226(c).[5]

Putting these holdings together, I agree with the courts that have found one challenge to a § 1226(c) detention still remains available: "an individualized as applied constitutional challenge to the statute." *Dryden v. Green*, 321 F. Supp. 3d 496, 501–02 (D.N.J. 2018) (citing *Jennings*, 138 S. Ct. at 851–52). To put it another way, for a petitioner in this situation, "*Jennings* leaves open only the question of whether § 1226(c) is unconstitutional as applied to the petitioner." *Id.* at 502. Respondent concedes the point: A person detained under § 1226(c) may, in the right circumstances, bring an as-applied challenge to the constitutionality of ongoing detention. (DE 6 at 8.)

The post-*Jennings* as-applied analysis has turned out to be very similar, and perhaps identical, to the former analysis under *Diop*. Whether detention under § 1226(c) is constitutional continues to be "a function of the length of the detention," whereby "the constitutional case for continued detention without inquiry into its necessity becomes more and more suspect as detention continues." *Diop*, 656 F.3d at 232, 234; *see also Chavez-Alvarez*, 783 F.3d at 474–75. Thus, at some point, detention under § 1226(c), in an individual case, may become "so unreasonable as to amount to an arbitrary deprivation of liberty" in violation of the Due Process Clause. *Dryden*, 321 F. Supp. 3d at 502; *see also Demore*, 538 U.S. at 432; *Chavez-Alvarez*, 783 F.3d at 474.

No particular number of months marks the border between constitutional and unconstitutional detention, but some guidelines can be gleaned from the case law. Courts within

---

[5] In dictum, while discussing a detention under a different section, § 1226(a), the Third Circuit recently noted that "*Jennings* did not call into question the *constitutional* holding in *Diop* that detention under § 1226(c) may violate due process if unreasonably long." *Borbot v. Warden Hudson Cty. Corr. Facility*, 906 F.3d 274, 278 (3d Cir. 2018) (emphasis added).

this district have previously found detention for one year, or just over one year, insufficient to support an as-applied challenge to a § 1226(c) detention. *See, e.g.*, *Charles A. v. Green*, No. 18-1158, 2018 WL 3360765, at *5 (D.N.J. July 10, 2018); *Dryden*, 321 F. Supp. 3d 496, 502–03 (determining detention just over one year insufficient to warrant bond hearing). Longer periods of detention without a bond hearing, however, have been found to violate due process. *See Felix S. v. Decker*, Civ. No. 20-1414, 2020 WL 1527982, at *4 (D.N.J. Mar. 31, 2020) (14 months); *Charran R. v. Barr*, Civ. No. CV 19-16070, 2020 WL 219872, at *4 (D.N.J. Jan. 14, 2020) (21 months); *Pryce v. Green*, Civ. No. 18-3501, 2019 WL 2118785, *4 (D.N.J. May 15, 2019) (22 months); *Oscar B. v. Warden, Essex Cty. Corr. Facility*, Civ. No. 18-11524, 2019 WL 1569822, at *3 (D.N.J. Apr. 10, 2019) (19 months); *Thomas C. A. v. Green*, No. 18-1004, 2018 WL 4110941, at *5–6 (D.N.J. Aug. 29, 2018) (15 months); *K.A. v. Green*, No. 18-3436, 2018 WL 3742631, at *4 (D.N.J. Aug. 7, 2018) (19 months). Notably, where the "fault" for the length of a petitioner's detention is attributable to the petitioner, courts have been more reluctant to find that a bond hearing is warranted. *See Moses G. v. Anderson*, Civ. No. 19-19977, 2020 WL 1650547, at *3 (D.N.J. Apr. 3, 2020) (finding that 20 months' detainment under § 1226(c) did not merit a bond hearing where "the fault for that length rests entirely on the shoulders of Petitioner and his immigration counsel" for multiple adjournment request and failures to appear); *see also Chavez-Alvarez*, 783 F.3d at 476 ("aliens who are merely gaming the system to delay their removal should not be rewarded with a bond hearing that they would otherwise not get under the statute.") However, a petitioner should not be punished for merely "pursuing applicable legal remedies." *See Leslie*, 678 F.3d at 271 (quoting *Oyedeji v. Ashcroft*, 332 F. Supp. 2d 747, 753 (M.D. Pa. 2004)); *see also Shaquille E. v. Decker*, Civ. No. 19-19338, 2020 WL 1673099, at *5 (D.N.J. Apr. 6, 2020) (finding 16 month detention unreasonably prolonged and noting that petitioner's adjournment

requests were not made in bad faith); *Nakia H. v. Green*, Civ. No. 19-8972, 2020 WL 1527950, at *4 (D.N.J. Mar. 31, 2020) (finding that petitioner's "continuances to seek representation, prepare his case, or submit applications for relief, without more, do not amount to bad faith sufficient to deny him a bond hearing."); *Glennis H. v. Rodriguez*, Civ. No. 18-16439, 2019 WL 2866069, at *3 (D.N.J. July 2, 2019) (determining detention for 21 months warranted a bond hearing where there was no indication that "adjournments, appeals, and other legal maneuvers" were made in bad faith or for the purposes of delay).

Here, Petitioner has been detained for over 18 months. He argues that his continued detention under § 1226(c) without a bond hearing violates his due process rights. Respondent contends, however, that Petitioner "cannot meet his burden of showing that his detention has become unconstitutional as applied to him merely due to the length of his detention, particularly when there has been no undue delays by the government or any indication that his detention has become inconsistent with the purpose of § 1226(c)." (DE 6 at 9.)

Having made the fact-sensitive inquiry delineated in *Diop* and *Chavez-Alvarez*, I find that Petitioner's detention has become unreasonably prolonged. His detention well exceeds the one-year rule of thumb in *Chavez-Alvarez* and there is no evidence, or even allegation, that Petitioner's protracted detention is the result of his own "fault." Petitioner has simply been pursuing his applicable legal remedies, in good faith and with no indications of intentional delay.. Accordingly, due process requires that Petitioner be afforded an individualized bond hearing. I will order the government to provide Petitioner with such a hearing within 14 days.

## IV. CONCLUSION

For the foregoing reasons, the habeas petition (DE 1) will be granted insofar as I will order that Petitioner receive a bond hearing within 14 days. Petitioner's motion to expedite will be denied as moot in light of this decision. An appropriate order follows.

DATED: June 2, 2020                                             /s/ Kevin McNulty
                                                                                _____
                                                                                KEVIN MCNULTY
                                                                                United States District Judge