## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JEAN-CLAUDE W.,**<br><br>               **Plaintiff,**<br><br>**v.**<br><br>**WILLIAM ANDERSON**<br><br>               **Defendants.** | Civ. No. 19-16282 (KM)<br><br>**OPINION** |

**KEVIN MCNULTY, U.S.D.J.:**

Before the Court are the motions of the plaintiff, Jean-Claude W.,[1] to reopen the case pursuant to Fed. R. Civ. P. 60(b) and to enforce a judgment granting habeas corpus relief. (DE 16, DE 17.) I previously granted Jean-Claude's *pro se* petition for a writ of habeas corpus on June 2, 2020, ordering the government to provide him with an individualized bond hearing on the ground that his continued detention without such a hearing constituted a violation of the Due Process Clause of the Fifth Amendment. (DE 11.) Jean-Claude was then provided a hearing, and the immigration judge denied bond. (DE 13.) Jean Claude now seeks to reopen the case on the ground that the immigration judge improperly applied the relevant law. (DE 16-3.) For the reasons provided herein, I will deny the motion.

### I.     Summary

I write primarily for the parties and assume familiarity with the facts and procedural history. These are the facts most relevant to this motion:

---

[1] Consistent with guidance regarding privacy concerns in social security and immigration cases by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, petitioner is identified herein only by his first name and last initial.

Jean-Claude is a native and citizen of Trinidad and Tobago who entered the United States as a non-immigrant visitor on a B-2 visa in 1994. (DE 11 at 1.) He became a Lawful Permanent Resident of the United States in 1995. (*Id.*) In 2011, he was convicted of two counts of robbery and one count of possession of a firearm for an unlawful purpose and sentenced to eleven years in prison. (*Id.* at 2.) Seven years later, he entered the custody of Immigration and Customs Enforcement ("ICE"), who charged him with removability pursuant to sections 237(a)(2)(C) and 237 (a)(2)(A)(iii) of the Immigration and Nationality Act ("INA"). (*Id.*) He has remained in immigration custody since, detained pursuant to 8 U.S.C. § 1226(c). (*Id.*) He was ordered removed from the United States on May 24, 2019, and after exhausting his administrative appeals, appealed to the United States Court of Appeals for the Third Circuit, which stayed his removal but has not yet ruled on his appeal. (*Id.* at 2–3.)[2]

Jean-Claude, having been detained by ICE for eighteen months while his immigration proceedings were underway, filed a petition for a writ of habeas corpus before me seeking that I compel the government to provide him a bond hearing. (DE 1.) I issued the writ, reasoning that Jean-Claude's continued detention without a hearing violated his due process rights. (DE 11.) The immigration judge then held a hearing and denied bond. (DE 13.)

Jean-Claude now moves before me to reopen the habeas proceeding and enforce my prior decision. (DE 16-3 at 2; DE 17.)

## II.   Discussion

### a.   Analysis

Jean-Claude moves to reopen my previous decision granting a writ of habeas corpus and to enforce that judgment. He asserts that he was denied Due Process during his bond hearing because the immigration judge failed to state which burden of proof applied, wrongly concluded that Jean-Claude was

---

[2] Because the Third Circuit stayed Jean-Claude's removal, the basis for his detention has shifted back to 8 U.S.C. § 1226(c) rather than 8 U.S.C. § 1231(a), which applies to detention pursuant to a final order of removal. *See Leslie v. Atty Gen. of U.S.*, 678 F.3d 265, 268–72 (3d Cir. 2012).

a danger to the community, and wrongly assessed the record evidence. (DE 17-3 at 10–22.)

I do not have jurisdiction to order Jean-Claude's release from detention, determine his entitlement to release, or determine whether the immigration judge improperly concluded that continued detention without bond was appropriate. *Bravo v. Green*, 2017 WL 2268315 at *3 (D.N.J. May 24, 2017); *Pena v. Davies*, 2016 WL 74410 at *2 (D.N.J. Jan. 5, 2016); *see also* 8 U.S.C. § 1226(e) (immigration judge's discretionary determination regarding granting bond "shall not be subject to review" and no "court may set aside any action or decision . . . regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole").

I do, however, have jurisdiction to determine whether Jean-Claude was denied due process during his bond hearing, and if so, order that a new hearing be conducted. *Bravo*, 2017 WL 2268315 at *3; *Pena*, 2016 WL 74410 at *2; *Harris v. Herrey*, 2013 WL 3884191 at *1 & n.3 (D.N.J. July 26, 2013). To have jurisdiction to consider whether Jean-Claude was denied due process, however, I must confirm that Jean-Claude has exhausted all available administrative remedies; if he has not, then I cannot review the merits of his claim. *Yi v. Maugans*, 24 F.3d 500, 503–04 (3d Cir. 1994); *see also Okonkwo v. I.N.S.*, 69 Fed. Appx. 57, 59–60 (3d Cir. 2003); *Sheba v. Green*, 2016 WL 3648000 at *3 (D.N.J. July 7, 2016). Here, Jean-Claude "could have, but did not, present his procedural claim to the Board of Immigration Appeals" so "his claim is unexhausted and he may not raise that claim here . . . until such time as he does exhaust his administrative remedies." *Bravo*, 2017 WL 2268315 at *3 (citing *Yi*, 24 F.3d at 503–04). The Board of Immigration Appeals possesses the authority and ability to correct the errors plaintiff asserts occurred during his bond hearing, so he must present his claims before them in order to properly exhaust said claims. *See Garza v. Att'y Gen.*, 641 Fed. Appx. 142, 145 (3d Cir. 2016). Thus, I will deny his motions.

### III.   Conclusion

For the reasons set forth above, I deny Jean-Claude's motions. (DE 16; DE 17.)

An appropriate order follows.

Dated: January 8, 2021

/s/ Kevin McNulty

_____

**Kevin McNulty**
**United States District Judge**

4